IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-61,633-03






EX PARTE BERNARDO MEDINA, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS 

CAUSE NUMBER W02-01749-L(A) IN THE CRIMINAL 

DISTRICT COURT NO. 5 DALLAS COUNTY 



 



 Per curiam.

 

O R D E R


 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant pled guilty to felony DWI, enhanced with two sequential previous felony
DWI convictions. Applicant was sentenced in accordance with a plea agreement to a term
of twenty-five years in prison. There was no direct appeal.

 In this application for a writ of habeas corpus, Applicant argues, inter alia, that his
counsel provided ineffective assistance. Specifically, Applicant makes three arguments. 
First, Applicant contends that counsel failed to advise him that he could stipulate to the prior
convictions for driving while intoxicated at trial, and Applicant believed that if he went to
trial, the jury would have to learn of the prior drunk driving convictions. Second, he
contends that counsel incorrectly informed him that if he was found guilty of this felony
DWI, the sentence could be stacked onto a previous felony DWI sentence. Last, he contends
that counsel failed to argue or obtain a ruling concerning whether the prior felony DWI
convictions were being properly used to enhance his sentence to that of a habitual offender.

 The habeas court requested a response from trial counsel regarding Applicant's
ineffective assistance of counsel claims. Trial counsel provided an affidavit that the habeas
court found true and correct and upon which the trial court relied in recommending that
Applicant's claims be denied. However, as Applicant correctly points out in response to the
court's findings, "The affidavit submitted by trial counsel . . . fails to address Applicant's
ineffective assistance of counsel claims."

 Thus, although the trial court has entered findings of fact and conclusions of law, it
is this Court's opinion that more information is needed before this Court can render a
decision on these grounds for review. Further information must be submitted, including
affidavits from Applicant's two trial attorneys, Mr. Daniel C. Perez and Mr. Tim Gonzalez,
that specifically address Applicant's ineffective assistance of counsel claims.


 Because this Court cannot hear evidence, Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum. The trial court shall resolve
these issues as set out in Article 11.07, Section 3(d), of the Texas Code of Criminal
Procedure. In addition to ordering an affidavit from trial counsel, the trial court may order
additional affidavits, depositions, interrogatories, or hold a hearing. In the appropriate case,
the trial court may rely on its personal recollection.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 Following the receipt of additional information, the trial court shall determine whether
applicant was denied the effective assistance of counsel. The trial court shall also make any
further findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's application for habeas corpus relief. 

 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
at 294, this application for a post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 90 days of the date of this order. (1) A supplemental
transcript containing all affidavits and interrogatories or the transcription of the court
reporter's notes from any hearing or deposition along with the trial court's supplemental
findings of fact and conclusions of law, shall be returned to this Court within 120 days of the
date of this order. (2)




FILED: December 14, 2005

DO NOT PUBLISH
1. [1] In the event any continuances are granted, copies of the order granting the
continuance should be provided to this Court.
2. [2] Any extensions of this time period should be obtained from this Court.